IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DAVID MATSUURA, ET AL., ) | CIVIL NO. 96-01180 SOM-LEK |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| E.I. du PONT DE NEMOURS AND ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| FUKU-BONSAI, INC., ET AL., ) | CIVIL NO. 97-00716 SOM-LEK |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| E.I. du PONT DE NEMOURS AND ) | |
| COMPANY, ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| _ ) | CIVIL NO. 99-00660 SOM-LEK |
| LIVING DESIGNS, INC., ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| E.I. du PONT DE NEMOURS AND ) | |
| COMPANY, ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | CIVIL NO. 00-00328 SOM-LEK |
| MCCONNEL, INC., a CALIFORNIA ) | |
| CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| E.I. du PONT DE NEMOURS AND ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | CIVIL NO. 00-00615 SOM-LEK |

```
ANTHURIUM ACRES, ET AL.,        )
                                )
          Plaintiffs,           )
                                )
     vs.                        )
                                )
E.I. du PONT DE NEMOURS AND     )
COMPANY,                        )
                                )
          Defendant.            )
_____ )
```

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION IN LIMINE TO ALLOW PLAINTIFFS' USE IN TRIAL OF GUTTER CRIME/FRAUD DOCUMENTS, INFORMATION, AND TESTIMONY, FILED MARCH 13, 2006**

Before the Court is Plaintiffs' Motion in Limine to Allow Plaintiffs' Use in Trial of Gutter Crime/Fraud Documents, Information, and Testimony, filed March 13, 2006 ("Motion in Limine"). Defendant E.I. du Pont de Nemours and Company ("DuPont") filed its memorandum in opposition on April 3, 2006, and Plaintiffs David Matsuura, Individually and dba Orchid Isle Nursery, and Stephen Matsuura, Individually and dba Hawaiian Dendrobium Farm, Fuku-Bonsai, Inc. and David W. Fukumoto, Living Designs, Inc. and Plant Exchange, Inc., McConnell, Inc., Anthurium Acres and Mueller Horticultural Partners (collectively "Plaintiffs") filed their reply memorandum on April 10, 2006. This matter came on for hearing on May 19, 2006. Appearing for Plaintiffs were Carl H. Osaki, Esq., A. Camden Lewis, Esq., Stephen T. Cox, Esq., Brady Thomas, Esq., and Kris A. LaGuire, Esq. Appearing for DuPont were Warren Price, III, Esq.,

Kenneth T. Okamoto, Esq., and Susan C. Wilson, Esq. After careful consideration of the motion, supporting and opposing memoranda, and the arguments of counsel, this Court GRANTS IN PART and DENIES IN PART the Motion in Limine for the reasons set forth below.

## BACKGROUND

The history of the consolidated cases is long and has been thoroughly described in Living Designs v. E.I. DuPont de Nemours & Co., 431 F.3d 353 (9th Cir. 2005), cert. denied, 126 S. Ct. 2861 (2006). See also Matsuura v. E.I. DuPont de Nemours & Co., 102 Hawai`i 149, 73 P.3d 687 (2003). Plaintiffs are commercial growers who filed lawsuits in 1992 and 1993 against DuPont, the manufacturer of a systemic fungicide which was marketed under the name of Benlate, alleging that Benlate killed their plants. Plaintiffs and DuPont settled the underlying cases in 1994. At the heart of the consolidated cases is Plaintiffs' allegation that DuPont "fraudulently withheld evidence of Benlate's contamination to induce Plaintiffs to settle their underlying Benlate litigation." Living Designs, 431 F.3d at 358. The claims presently being litigated in the consolidated cases are: civil RICO claims, fraud, misrepresentation, and non-fraud claims.[1]

---

[1] Plaintiffs' negligence and spoliation claims have been dismissed. See Living Designs, 431 F.3d at 371-72.

Gutter v. E.I. Du Pont de Nemours & Co. was a federal securities class action lawsuit in which the plaintiffs alleged that DuPont and its former Chief Executive Officer violated federal securities laws by concealing and misrepresenting material facts regarding DuPont's potential liability in connection with Benlate product liability lawsuits. See 124 F. Supp. 2d 1291 (S.D. Fla. 2000). In this litigation, DuPont listed documents withheld from discovery on a privilege log and stated that the basis for shielding these documents from discovery was attorney-client privilege or work product doctrine. The plaintiffs in Gutter sought the withheld documents on the grounds that the attorney-client privilege and work product doctrine had been vitiated by the crime/fraud exception. [Memo in Opp. at 1.] All discovery matters were referred to a special master who "ultimately [found] that DuPont failed to rebut the plaintiff's prima facie showing that the crime/fraud exception applies." Gutter, 124 F. Supp. 2d at 1297. The parties filed objections to the special master's report and recommendation and, on appeal, the district court found that "all of the objections should be denied except for DuPont's objection to the Special Master's recommendation that the crime/fraud hearing transcript should be unsealed." Id. at 1316. Subsequently, the Gutter parties stipulated to a permanent protective order which provided, among other things, that confidential and/or

4

proprietary documents or testimony were deemed "restricted", and restricted documents or transcripts could be disclosed to "deposition, hearing, or trial witnesses . . . solely to the extent necessary for the prosecution, defense, or settlement of this litigation." [Exh. A to Exh. 1 of Mem. in Opp., Exh. 1 at ¶¶ 3, 4, 8(d).] These parties also stipulated to a protective order regarding the effect of disclosures in the course of the proceedings to determine whether the crime/fraud exception applied. The parties agreed that "deposition testimony of witnesses and the disclosure of documents in connection therewith shall not constitute a waiver of any of DuPont's or its counsel's privileges, and Plaintiff shall not contend in this or any other proceeding that such a waiver has occurred . . . ." [Id., Exh. 2 at ¶ 5.]

The parties in the instant action stipulated to the Consent Protective Order Governing Production of Documents Produced Pursuant to Gutter (S.D. Fla.) Crime/Fraud Proceedings, filed April 22, 2002 ("Protective Order"), which incorporates the permanent protective order entered in Gutter. [Exh. 1 to Mem. in Opp. at 3.]

### DISCUSSION

In the instant Motion in Limine, Plaintiffs seek to "use in trial certain documents, information, and testimony obtained from DuPont with regard to specific crime/fraud rulings

5

made by other courts in cases with issues similar or identical to those in these consolidated cases." [Motion in Limine at 3.] Plaintiffs believe that they have an agreement with DuPont allowing them to use the information at trial, subject to the constraints of the Federal Rules of Evidence.

DuPont, on the other hand, argues that "[t]here are two, very critically-distinct sets of documents pertaining to the Gutter Crime/Fraud Proceedings . . . ." [Mem. in Opp. at 2.] The first set consists of those documents for which the privilege has been determined to have been vitiated, and the second set consists of what DuPont refers to as the "Crime/Fraud Record", which is made up of: transcripts of and exhibits from depositions taken to prepare for the hearing to determine whether or not the crime/fraud exception applied to the documents challenged by the Gutter plaintiffs ("Crime/Fraud Hearing"); documents produced as part of the discovery process for the Crime/Fraud Hearing; and the transcripts of the Crime/Fraud Hearing.

As to the first set, DuPont does not dispute that a court has determined the crime/fraud exception applies and the privilege has been vitiated as to certain documents ("Vitiated Documents"). [Id. at 3.] Remarkable for this case, DuPont actually agrees with Plaintiffs' position that the Vitiated Documents may be used at trial, unless otherwise prohibited by the Federal Rules of Evidence.

6

As to the second set, DuPont contends that the Crime/Fraud Record cannot be used at trial. In support, DuPont points to the stipulated protective order filed in this action, as well as others, in which the parties agreed that the deposition testimony of witnesses and disclosure of documents shall not constitute a waiver of DuPont's privileges. [Id. at 3-4.]

As to the Vitiated Documents, it is clear that the Gutter special master ruled, and the district court affirmed, that "the crime/fraud exception should be applied to vitiate DuPont's claim of attorney-client and work product privilege with respect to documents related the Alta Bush Ranch documents." Gutter, 124 F. Supp. 2d at 1317. These documents can be used at trial, subject to the Federal Rules of Evidence.

As to the Crime/Fraud Record, the district court in Gutter affirmed the special master's ruling that the plaintiff would not be able to use any information developed during the Crime/Fraud Hearing for litigation outside of the Crime/Fraud Hearing. See id. at 1316 ("Plaintiff has not demonstrated why the court should disturb that finding, and the court declines to do so here based purely on speculation."). In the Protective Order, Plaintiffs agreed that they would not use "any testimony by DuPont's witnesses and/or discovery conducted by Plaintiff's counsel . . . unless and until the Court determines that such

testimony or information is discoverable for reasons other than its introduction or discovery during the crime-fraud proceedings[.]"  [Exh. A to Exh. 1 of Mem. in Opp., Exh. 2 at ¶ 7(a).]  Thus, the Crime/Fraud Record cannot be used for trial unless a court first determines whether the privilege has been otherwise waived or overcome.

To the extent that Plaintiffs seek a ruling permitting them to use at trial those documents not previously determined to be discoverable and for which DuPont's privileges have not been vitiated, this Court declines to do so as Plaintiffs have not demonstrated any basis to support such a ruling.

## **CONCLUSION**

To the extent that Plaintiffs seek to use the Vitiated Documents at trial, subject to the constraints of the Federal Rules of Evidence, the Motion in Limine is GRANTED.  In all other respects, the Motion in Limine is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, February 2, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DAVID MATSUURA, ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY; FUKU-BONSAI, INC., ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY, ET AL.; LIVING DESIGNS, INC., ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY, ET AL; MCCONNEL INC. V. E.I. DU PONT DE NEMOURS AND COMPANY; ANTHURIUM ACRES, ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY**; CIVIL NOS. 96-01180; 97-00716; 99-00660; 00-00328 **AND 00-00615 SOM-LEK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION IN LIMINE TO ALLOW PLAINTIFFS' USE IN TRIAL OF GUTTER CRIME/FRAUD DOCUMENTS, INFORMATION, AND TESTIMONY, FILED MARCH 13, 2006**